UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. ERVIN, an individual, Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, XAVIER BECERRA, in his official capacity as attorney general of the state of California, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 3:18-cv-00442-GPC-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[DKT. NO. 11]** |

Before the Court is Defendants State of California and Attorney General Xavier Becerra's Motion to Dismiss the First Amended Complaint.[1] Dkt. No. 11. Plaintiff filed his opposition on May 25, 2018. Dkt. No. 13. Defendants filed a reply on June 8, 2018. Dkt. No. 15. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss without leave to amend.

---

[1] Defendants previously moved to dismiss the complaint on March 23, 2018. Dkt. No. 7. In response, Plaintiff filed an amended complaint on April 13, 2018. Dkt. No. 9.

## I. BACKGROUND

Plaintiff is a resident of the County of San Diego in the State of California. FAC ¶ 2. According to the FAC, Plaintiff was romantically involved with Carolina Altafulla Tarraga ("Altafulla") between March 2012 until February 2014. FAC ¶ 10. They purchased a home together as joint tenants in San Diego, CA in December 2013 and lived there together. *Id.* Altafulla allegedly began to cheat on Ervin with another man. *Id.* ¶ 11. On February 14, 2014, Ervin was allegedly sent in the mail a report made by a private investigator showing pictures of Altafulla performing felatio on another man in an airport parking lot. *Id.* ¶ 11. Plaintiff and Altafulla decided to end the relationship and Plaintiff agreed to buy her out of the house for $20,000. Afterwards, Altafulla began to repeatedly call the police on Ervin; the police negotiated a new living arrangement; and Altafulla and Plaintiff rearranged furniture pursuant to that arrangement. *Id.* ¶ 16.

On March 2, 2014, Ervin was served with a restraining order issued against him removing him from the home and requiring him not to have any weapons. *Id.* ¶ 17. On March 17, 2014, the family court extended the restraining order for five years, removed his right to bear arms, and removed his right to live in the common house. *Id.* ¶ 18. Several acts of abuse were identified including *inter alia*: Ervin's distribution of information about Altafulla's affair, statements regarding felatio made to Altafulla's children, and prior death threats. *See Altafulla v. Ervin*, 238 Cal. App. 4th 571, 580 (2015). The California Court of Appeal affirmed the rulings of the trial court finding (1) Ervin's conduct constituted harassment under the DVPA and was sufficient to support the issuance of a restraining order; (2) the DVPA withstood Ervin's challenges to the statute under the First and Second Amendments; (3) the trial court did not abuse its discretion in failing to grant his application for a restraining order against Altafulla; and (4) rejected Altafulla's request for sanctions. *Ervin*, 238 Cal. App. 4th at 577-582.

Plaintiff filed suit against Altafulla for partition and various causes of action in Civil Court in April 2014. FAC ¶ 19. In June 2016, Ervin obtained an injunction against Altafulla which assigned a referee to sell the house and evict Altafulla. *Id.* ¶ 22. In December 2016, Altafulla indicated to Ervin that she was nearly bankrupt and no judgment against her could be enforced, and thus Ervin settled for 100% of house proceeds. *Id.*

On February 27, 2018, Plaintiff filed this instant suit against the State of California and later amended his complaint to add the California Attorney General in his official capacity. *See* Dkt. No. 1, 9. Plaintiff raises four causes of action: (1) Deprivation of freedom of expression under the first amendment under 42 U.S.C. § 1983 against Defendant Becerra; (2) Deprivation of the Right to Bear Arms under 42 U.S.C. § 1983 against Defendant Becerra; (3) a violation of equal protection against Defendant Becerra because the protective order prevents Ervin from publicly discussing his former girlfriend's activities while others can do so; and (4) a common law claim for inverse condemnation alleging that the protective order denied plaintiff all economically viable use of his property against Defendants State of California and Becerra.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Id.* at 545. "[F]or a complaint to survive a motion to dismiss, the non–conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

In addition, courts "liberally construe[]" documents filed pro se, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), affording pro se plaintiffs benefit of the doubt. *Thompson*, 295 F.3d at 895; *see also Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) ("[T]he Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro

4

se pleadings generously, 'however inartfully pleaded.'"). However, the Ninth Circuit has declined to ensure that district courts advise pro se litigants of rule requirements. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-67 (9th Cir. 1986) ("Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record . . . it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant").

## III. REQUESTS FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the California Court of Appeal's decision in *Altafulla v. Ervin*, 238 Cal. App. 4th 571 (2015). The Court will take judicial notice of this document as it is a matter of public record. *See Intri-Plex Technologies, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Plaintiff requests that the Court take judicial notice of (1) a request to vacate a temporary restraining order from Ervin's ex-wife in *In re Marriage of Ervin and Ben-Nun*, San Diego Family Court Number DV033786, dated September 9, 2011; (2) a second request to vacate a temporary restraining order from Ervin's ex-wife in *In re Marriage of Ervin and Ben-Nun*, San Diego Family Court Number DV033786, dated January 13, 2012; (3) transcript excerpts from a restraining order hearing in *In re Marriage of Ervin and Ben-Nun*, San Diego Family Court Number DV033786, dated June 6, 2013; (4) minute order in *Ervin v. County of San Diego*, San Diego Superior Court Case No. 2014-00207, dated September 12, 2014. Plaintiff seeks to discount the assertion that he previously threatened his ex-wife and their three children by allegedly stating "One day I will take a gun and shoot all four of you." RJN, Dkt. No. 13-1 at 2. The Court need not consider the veracity of this fact in assessing the issues below. While these documents are properly subject to judicial notice as matters within the public record, the Court concludes that these documents are not relevant to the issues in the instant motion. Accordingly, the Court will

5

decline to take judicial notice of these documents.

## IV. DISCUSSION

### A. *Rooker-Feldman* Doctrine

As courts of original jurisdiction, federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). However, federal district courts do have jurisdiction over a "general constitutional challenge," i.e. one that does not require review of a final state court decision in a particular case. *Id.* (citing *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). This distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle and difficult to make. *Id.* (citing *Worldwide Church of God v. Mcnair*, 805 F.2d 888, 891 (9th Cir. 1986)). To draw this distinction, the court must ask whether it is "in essence being called upon to review the state court decision." *Id.* A de facto appeal exists "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004). Once the court has found a de facto appeal, it must identify and decline to exercise jurisdiction over any issues that are "inextricably intertwined" with that appeal. *Doe*, 415 F.3d at 1043 (9th Cir. 2005). If the federal constitutional claims presented to the district court are 'inextricably interwined' with the state court's judgement, then [plaintiff] is essentially asking the district court to review the state court's decision, which the district court may not do."*Id.* If "consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision." *Id.* (citing *Worldwide Church of God*, 805 F.2d at 892). "Where the district court must hold that the

state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Id.*

Here, Plaintiff first seeks an "injunction vacating the state restraining order and/or gun prohibition against Ervin." FAC ¶ 63. Essentially, plaintiff is asking this court to overturn the state court's order issuing the protective order and the gun prohibition, making this a de facto appeal of the state court order that is prohibited under the *Rooker-Feldman* doctrine. *See Gimbel v. California, No. C 07-05816 CRB*, 2008 WL 590504, at *2 (N.D. Cal. Feb. 29, 2008), aff'd, 308 F. App'x 124 (9th Cir. 2009) (dismissing claim under *Rooker-Feldman* doctrine where complaint challenged the restraining order issued against him in state court and requested invalidation and enjoinment of the state court's order). Next, Plaintiff requests in his FAC "[a] declaration declaring that a California domestic violence restraining order cannot be based on disturbing the peace when that disturbance is protected speech." FAC ¶ 63. Evaluating this claim would require this Court to, in effect, conduct an appellate review of the state court judgment which specifically denied Plaintiff's first amendment and second amendment claims. *See Gimbel*, 2008 WL 590504, at *2 ("[T]he Court cannot evaluate Plaintiff's federal claim without, in effect, conducting an appellate review of the state court judgment."); *Lefcourt v. Superior Court*, 63 F. Supp. 2d 1095, 1098 (N.D. Cal. 1999) ("the district court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting a review of the state court's legal determinations in a particular case."). Accordingly, the Court concludes that Plaintiff's First and Second Causes of Action are an impermissible de facto appeal of a state court decision under the *Rooker-Feldman* doctrine. *See Worldwide Church of God*, 805 F.2d at 892 ("If consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision.").

7

3:18-cv-00442-GPC-RBB

Moreover, Plaintiff's third cause of action alleging an equal protection claim is an issue that is "inextricably intertwined" with the issues resolved by the state court in its judicial decision. In order to find in favor of plaintiff on this issue, the Court would necessarily need to find the state court was wrong, a strong indicator that this issue is inextricably intertwined with issues decided by the state court including the issuance of the protective order and his constitutional claims. *See Doe*, 252 F.3d at 1029. Furthermore, another indication that this cause of action involves an inextricably intertwined issue with a de facto appeal is that Ervin directly asks this Court to address a "privilege argument" that Ervin asserts was left unaddressed by the appeals court. FAC ¶ 47. Accordingly, the Court will also dismiss the Third Cause of Action based on the *Rooker-Feldman* doctrine. *See Nadolski v. Winchester*, No. 13-CV-2370-LAB-DHB, 2014 WL 3962473, at *4 (S.D. Cal. Aug. 13, 2014) ("At their core, Plaintiff's various claims against all Defendants hinge on his allegations that these state court decisions deprived him of various constitutional rights. In other words, Plaintiff seeks to challenge, here in federal court, adverse rulings in state court. This is precisely the type of case *Rooker-Feldman* bars.").

Accordingly, the Court will dismiss Plaintiff's First, Second, and Third Causes of Action under the *Rooker-Feldman* doctrine finding that the first and second causes of action are an impermissible de facto appeal[2] and the third cause of action is "inexplicably

---

[2] Ninth Circuit law holds that "even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)). While no party has raised this issue, the Court finds that the First Amended Complaint alleges legal error by the state courts. *See* FAC ¶ 28-29 (asserting there is no cognizable exception to freedom of expression preventing boyfriends from telling people their girlfriend was cheating on them); *Id.* ¶ 35-36 (attempting to distinguish cases cited by the California Court of Appeal regarding his second amendment claim); *Id.* ¶ 47 (arguing that the appellate court erred by refusing to address his privilege argument).

interwined" with the decisions of the California courts that they constitute a de facto appeal that deprives this Court of jurisdiction.

Nonetheless, the Court concludes that Plaintiff's Fourth Cause of Action—a common law federal takings claim for inverse condemnation—is not barred by the *Rooker-Feldman* doctrine. This issue was never considered by the California Court of Appeal and is not inextricably intertwined with that decision. The hypothetical remedy obtainable would be "just compensation," and the federal court's decision on this issue would not require the Court to overrule the state court's judgment. Consequently the Court will decline to dismiss the Fourth Cause of Action based on the *Rooker-Feldman* doctrine.

### B. Eleventh Amendment Sovereign Immunity

"The Eleventh Amendment has been authoritatively construed to deprive federal courts over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008). "Generally speaking, a suit brought against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted)). If, however, the plaintiffs seek prospective injunctive relief against the state official for a violation of federal law, the Eleventh Amendment does not bar the action. *Ex Parte Young*, 209 U.S. 123 (1908).

#### 1. Sovereign Immunity and Inverse[3] Condemnation Claims

The Fifth and Fourteenth Amendments prohibit states from taking private property

---

[3] "The term 'inverse or reverse condemnation' contemplates the situation in which property has been taken by the exercise of the power of eminent domain, but without any payment of compensation therefor having been made. The theory upon which such an action is brought is that since a taking,

9

3:18-cv-00442-GPC-RBB

for "public use" without "just compensation." U.S. Const. amend. V; *Macri v. King County,* 126 F.3d 1125, 1129 (9th Cir.1997) (noting that "the Fifth Amendment's Takings Clause applies to the states through the Fourteenth Amendment"). "[A] claim for damages for the unconstitutional denial of just compensation under the Fifth Amendment cannot qualify as available prospective relief under *Ex parte Young,* and is therefore barred by the Eleventh Amendment." *Suever v. Connell,* 579 F.3d 1047, 1059 (9th Cir. 2009).

Numerous Courts of Appeal, including the Ninth Circuit, have held that the Eleventh Amendment bars Fifth Amendment reverse condemnation claims brought in federal district court. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 955 (9th Cir. 2008); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526-528 (6th Cir. 2004) ("[The State] enjoys sovereign immunity in the federal courts from [a] federal takings claim . . . ."); *John G. v. Marie Stella Kenedy Mem'l Found. V. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994) ("[A] Fifth Amendment inverse condemnation claim brought directly against the State . . . is . . . barred by the Eleventh Amendment."). In *Seven Up*, the Ninth Circuit concluded that the Supreme Court's decision in *Alden v. Maine*, 527 U.S. 706 (1999) did not allow for the self-executing dominance of the Takings Clause over State immunity to apply equally in state and federal court. 523 F.3d at 955. Accordingly, the *Seven Up* court held that the Eleventh Amendment bars reverse condemnation actions brought in federal court against state officials in their official capacities, joining the Sixth Circuit's decision in *DLX, Inc. Id.*

Here, Plaintiff's Fourth Cause of Action is brought against Attorney General Becerra in his official capacity and against the State of California. Based on *Seven Up*, California is immune from a federal takings claim in this court. *See Seven Up*, 523 F.3d at 955 (collecting cases holding that the Eleventh Amendment bars Fifth Amendment reverse

---

which is otherwise lawful, would be a violation of due process of law if done without compensation, it must be presumed that the taker intends to pay for the property condemned." *State of Cal v. U.S. Dist Court In & For S. Dist of Cal*, 213 F.2d 818, 821 n.10 (9th Cir. 1954).

condemnation claims brought in federal district court); *DLX, Inc.*, 381 F.3d at 526-528 ("[The State] enjoys sovereign immunity in the federal courts from [a] federal takings claim . . ."). Similarly, Plaintiff's cause of action in this court against Attorney General Becerra is barred under the express holding of *Seven Up*. *See Seven Up*, 523 F.3d at 956 ("We therefore conclude that the Eleventh Amendment bars reverse condemnation actions brought in federal court against state officials in their official capacities."). Accordingly, the Court concludes that Plaintiff may not proceed on his takings claim in this federal court and that the proper forum for such a claim would be the state court. *See Hahn v. California Dep't of Parks & Recreation*, No. 2:09-CV-01479-JAM-GG, 2009 WL 3048716, at *3 (E.D. Cal. Sept. 18, 2009); *G. v. Hawaii*, 676 F. Supp. 2d 1046, 1070 (D. Haw. 2009).

### 2. *Ex Parte Young* Exception

Under the *Ex Parte Young* doctrine, a suit brought against a state official in his or her official capacity for prospective injunctive relief challenging a violation of federal law is not barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102 (1984). However, a plaintiff may not seek retroactive monetary relief against a state official for past allegedly unconstitutional behavior. *Edelman v. Jordan*, 416 U.S. 651, 666-67 (1984). Consequently, as a threshold matter, Plaintiff's first three causes of action against Attorney General Becerra are also barred insofar as he is sued in his official capacity for monetary damages. *See Mulvaney v. California Highway Patrol*, 2017 WL 6271283, at *4 (C.D. Cal. Dec. 4, 2017) ("Moreover, the Eleventh Amendment Bars Plaintiffs' claims against defendants insofar as they are sued in their official capacities for money damages.")

Nonetheless, Plaintiff attempts to invoke the *Ex Parte Young* exception to sovereign immunity based on his claim for prospective relief. Under *Ex Parte Young*, the state official must "have some connection with the enforcement of the [allegedly

unconstitutional] act." 209 U.S. at 157. This connection must be "fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.3d 697, 704 (9th Cir. 1992). This exception applies only where "it is plain that such officer [has] some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Ex Parte Young*, 209 U.S. at 157.

Here, Plaintiff's primary contention linking Attorney General Becerra to the enforcement of the alleged unconstitutional act is that Attorney General Becerra has received federal aid such that it would constitute a waiver of sovereign immunity. FAC ¶ 6. A state may waive its immunity by accepting federal funds where the funding statute "manifest[s] a clear intent to condition participation in the programs funded under the Act on a State's consent to waive its constitutional immunity." *Clark v. State of Cal.*, 123 F.3d 1267, 1271 (citing as an example the amended Rehabilitation Act providing that "(1) A State shall not be immune under the Eleventh Amendment . . . from any suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . of the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance."). Here, Plaintiff has not identified any statute or case law establishing that the State waived Eleventh Amendment Immunity by the acceptance of federal funds. Accordingly, the Court concludes that the state and Attorney General Becerra have not waived Eleventh Amendment Immunity through the acceptance of federal funds. *See Hunger v. Univ. of Hawaii*, No. CIV. 12-00549 LEK, 2013 WL 6147673, at *2 (D. Haw. Nov. 22, 2013) ("Plaintiff does not identify, nor has this Court found, any statute or controlling case law establishing that the State of Hawai'i waived its Eleventh Amendment immunity from § 1983 claims by accepting federal funds of any nature.").

The Court must also consider whether there is a sufficient connection between Attorney General Becerra and the challenged statute—the protective order provisions of California's Domestic Violence Prevention Act. As currently plead, the First Amended Complaint lacks any factual allegations that Attorney General Becerra has a specific duty to enforce the Domestic Violence Prevention Act. Plaintiff has not identified in his complaint an adequate connection between Attorney General Becerra and the challenged statute. Accordingly, the Court concludes that the First Amended Complaint should be dismissed as the Eleventh Amendment bars the claim as plead under sovereign immunity.[4] *See Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1019 (N.D. Cal. 2015) (Eleventh Amendment bars plaintiffs' claims against Attorney General because general duty to enforce California law was insufficient to invoke *Ex Parte Young*); *Pickup v. Brown*, 2016 WL 4192406, at *3 (E.D. Cal. Aug. 9, 2016) (same).

Based on the foregoing, the Court will dismiss the First, Second, and Third Causes of Action against Attorney General Becerra because he is immune from suit.

### C. State is a Not a "Person" Subject to Section 1983 Liability

Third, Defendants argue that the State of California is not a "person" who may be liable under section 1983. However, as previously stated, the Court finds that the First Amended Complaint's Fourth Cause of Action pleads a federal takings claim based on a theory of reverse condemnation. This cause of action is the only cause of action brought

---

[4] The Court would normally have provided Plaintiff leave to amend this claim as it is possible that the First Amended Complaint could be amended to adequately plead a connection between the Attorney General and the enforcement of the DVPA. *See, e.g.*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (denying Eleventh Amendment immunity to California Attorney General where challenged statute expressly authorized enforcement by district attorneys and city attorneys). However, in Section E, below, the Court concludes for other reasons that amendment of the first, second, and third causes of action would remain futile because they would remain barred by the *Rooker-Feldman* doctrine.

against the State of California. Accordingly, Defendants' argument regarding California not being a "person" is not relevant and the Court will decline to dismiss on this basis.[5]

**D. Res Judicata**

California's preclusion rules govern this action. *See Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003) (28 U.S.C. § 1738 requires that federal courts give "full faith and credit" to state courts and "commands a federal court to accept the rules chosen by the State from which the judgment is taken.") (internal citations omitted).

Claim preclusion bars relitigation of the same "cause of action in a subsequent suit" where (1) the second lawsuit involves the same "cause of action" as the first one, (2) there must have been a final judgment on the merits in the first lawsuit; and (3) the party to be precluded must itself have been a party, or in privity with a party to that first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). California law defines a "cause of action" for purposes of res judicata by analyzing the primary right at stake. *See id.* (citing *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161 (2003)). This concept is "indivisible: the violation of a single primary right gives rise to but a single cause of action." *Id.* (citing *Crowley v. Katleman*, 8 Cal. 4th 666 (1994)). Consequently, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170 (1983). What is critical to the analysis is the "harm suffered; that the same facts are involved in both suits is not conclusive." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009).

Here, a final judgment issued in the state court *Altafulla v. Ervin* lawsuit. Ervin was

---

[5] Defendants' Reply recognized that this argument was moot. *See* Dkt. No. 15 at 8.

a party to that suit. *See Altafulla*, 238 Cal. App. 4th at 571. Therefore, the remaining question is whether that the state court action involved the same "causes of action" as those in the instant case. In *Altafulla v. Ervin*, the Court of Appeal and state court previously considered Plaintiff's arguments that the DVPA intruded on his free speech and Second Amendment rights. The Court of Appeal rejected his First Amendment claim finding that the "protection of innocent individuals from fear, abuse, or annoyance" constituted a compelling governmental interest. *Id.* at 581. Next, the Court of Appeal rejected his second amendment claim holding that the firearm prohibitions in the DVPA were analogous to a prohibitions on felon weapon possession that were expressly deemed permissible in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Id.* In the current action, Plaintiff's first cause of action argues that the DVPA limits his freedom of expression and his second cause of action argues that the automatic nature of the gun restriction violates *District of Columbia v. Heller*. FAC ¶¶ 26-42. These causes of action raise the same constitutional harms—deprivation of freedom of expression and constitutional rights—as those raised in the previous suit. Accordingly, the Court concludes that the first and second causes of action are also barred under res judicata. *See* However, Plaintiff's Third and Fourth Causes are not barred by res judicata because these issues have not been finally decided by the state courts.[6]

### E. Leave to Amend

Even though leave to amend is generally granted freely, it is not granted automatically. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Leave to amend may be denied if the amendment would be futile or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.

---

[6] While Defendants' motion to dismiss initially requested dismissal on this ground as to all causes of action, on reply Defendants argue only that Plaintiffs' First and Second causes of actions are barred by res judicata.

1991). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Because this Court finds that the *Rooker-Feldman* doctrine, the Eleventh Amendment, and Res Judicata bar each of Plaintiff's causes of action, the Court finds that any amendment of Plaintiff's complaint would be futile. *See Chaudry v. California Court of Appeal*, No. 311CV508JAHNLS, 2011 WL 13121679, at *4 (S.D. Cal. Dec. 5, 2011) ("Because this Court finds both the Eleventh Amendment and the Rooker-Feldman doctrine bar Plaintiff's suit, this Court also finds any amendment of Plaintiff's complaint would be futile.") (underline in original); *Hahn v. California Dep't of Parks & Recreation*, No. 2:09-CV-01479-JAM-GG, 2009 WL 3048716, at *3 (E.D. Cal. Sept. 18, 2009) (dismissing claims with prejudice under Eleventh Amendment immunity). Accordingly, the Court will deny leave to amend as to all four causes of action.

## CONCLUSION

Having considered the briefing and the arguments of the parties, the Court **GRANTS** Defendants' Motion to Dismiss and finds that:

1. Plaintiff's First Cause of Action is dismissed without leave to amend under the *Rooker-Feldman* Doctrine, sovereign immunity, and res judicata.
2. Plaintiff's Second Cause of Action is dismissed without leave to amend under the *Rooker-Feldman* Doctrine, sovereign immunity, and res judicata.
3. Plaintiff's Third Cause of Action is dismissed without leave to amend under the *Rooker-Feldman* doctrine and sovereign immunity.
4. Plaintiff's Fourth Cause of Action is dismissed without leave to amend under sovereign immunity.

**IT IS SO ORDERED.**

Dated: July 11, 2018

Hon. Gonzalo P. Curiel
United States District Judge